UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DALE EARL SCOTT,

    Defendant.

Case No. MJ19-5260 TLF
Case No. MJ 18-2629 (CD Cal.)

DETENTION ORDER

THE COURT conducted a hearing under the Bail Reform Act, 18 U.S.C. § 3142(e),(g) on the government's Motion for Detention (Dkt. 4) on December 16, 2019 and determined that detention is appropriate because no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The defendant is charged in the United States District Court for the Central District of California with possession with intent to distribute at least one kilogram of heroin, which carries a maximum penalty of ten years or more. Dkt. 1: Charging documents in United States v. Scott, No. MJ 18-2629, pending in the U.S. District Court for the Central District of California, at 7. Under Fed. R. Crim. P. 5(c)(2), (3), and 5(d), Mr. Scott was arrested in Washington State and was brought to the United States District Court for the Western District of Washington for an initial appearance on December 16, 2019. Dkt. 5. Mr. Scott waived the Fed. R. Crim. P. 5(c)(3) hearing regarding identity and consented to be transferred to the Central District of California. Dkt. 7.

Under Fed. R. Crim. P. 5(c),(d), it is important for the Court in the arresting jurisdiction to consider the interests of the charging jurisdiction. In this matter, The United States District Court for the Central District of California has an interest in following up on the Complaint and arrest warrant, and this Court should ensure the

1

defendant appears for proceedings in that Court. *United States v. Dominguez,* 783 F.2d 702, 704-05 (7th Cir. 1986); *United States v. Savader,* 944 F. Supp. 2d 209, 213-215 (E.D.N.Y. 2013).

The defendant is entitled to a presumption of innocence, and under the Bail Reform Act, the Court is required to determine -- taking into full consideration the defendant's constitutional rights and that the defendant is presumed innocent -- whether the defendant should nevertheless be detained pending trial. *United States v. Motamedi,* 767 F.2d 1403, 1408 (9th Cir. 1985).

A presumption of detention applies in Mr. Scott's situation, because the Court is required by 18 U.S.C. § 3142(e)(3)(A) to apply the presumption as to both dangerousness and flight risk when a defendant is charged with a felony drug offense that with a maximum sentence of ten years or more. Dkt. 1. The defendant bears the burden of proffering evidence to overcome the presumption. The government maintains the burden of persuading the Court by a preponderance of the evidence that Mr. Scott is a non-appearance risk, or by clear and convincing evidence that Mr. Scott is a danger to the community. *United States v. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008). When the defendant offers evidence to rebut the presumption, that does not mean the presumption is erased; the Court may consider the presumption as an evidentiary finding that militates against the defendant's release and weighs the presumption along with all the factors listed in 18 U.S.C. § 3142(g). *Id.*

Although the four factors listed in 18 U.S.C. § 3142(g) permit this Court to consider the nature of the offense currently charged, and the evidence of guilt, these factors are considered only in the context of evaluating the likelihood that the person will fail to appear or will pose a danger. *United States v. Motamedi,* at 1408. Even if a defendant poses a danger to others or to the community, the defendant must be

released when the Court determines there would be a "condition or combination of conditions [that] will reasonably assure. . .the safety of any other person and the community." *United States v. Hir,* 517 F.3d 1081, 1091-92 (9th Cir. 2008).

The defendant proffered evidence in this case but has not overcome the presumption of detention. The government met its burden of showing by clear and convincing evidence that Mr. Scott presents a serious risk of dangerousness to others and to the community.

The record indicates that Mr. Scott engaged in drug-trafficking activities involving more than a kilogram of heroin. Dkt. 1.

The Court considered the defendant's proffer of evidence that he has positive relationships with his family, he has previously worked in construction, and his previous employer would hire him back. Yet, even with the support of his friends and family, and his position previously working for a construction company, the pretrial services report shows that Mr. Scott has criminal record that includes more than one conviction for driving while under the influence, and more than one conviction for domestic violence. These convictions show that Mr. Scott has not shown an ability to conform his behavior to the law, he drove while under the influence (one of those convictions included an accident associated with that driving), and that he has acted violently in a previous relationship.

The Government's motion for detention (Dkt. 4) is, for all of the above reasons, GRANTED.

The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for transfer to the United States District Court for the Central District of California, and for the purpose of an appearance in connection with a court proceeding.

December 17, 2019

Theresa L. Fricke
United States Magistrate Judge